IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                         :
JACQUELINE D. PUGH               :
                                         :               3:11 CV 1528 (JGM)
                                         :
v.                                        :
                                         :
COMMISSIONER OF SOCIAL  :
SECURITY                           :              DATE: OCTOBER 11, 2011
---------------------------------------------------------x

RECOMMENDED RULING OF DISMISSAL

On October 5, 2011, plaintiff Jacqueline D. Pugh filed her pro se Complaint, Motion for Leave to Proceed In Forma Pauperis, and Motion to Appoint Counsel, pursuant to 28 U.S.C. § 1915. (Dkts. ##1-3). Based upon the financial information submitted by plaintiff, the undersigned granted her Motion for Leave to Proceed In Forma Pauperis the next day. (Dkt. #4).

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B). In this case, plaintiff's Complaint is dismissed on the second ground.

While this Court construes this pro se's complaint liberally, plaintiff's Complaint fails to state a claim upon which relief may be granted as plaintiff's Complaint fails to state any claim at all. Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008)(citations & internal quotations omitted). Even assuming, arguendo, that plaintiff is appealing a denial of Social

Security benefits - which is an assumption based upon the title of her complaint as plaintiff has not written anything other than her name and address[1] -- plaintiff has failed to allege any facts under which this Court's jurisdiction would fall.  Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision.  42 U.S.C. 405(g).[2]  Further, as articulated by Congress, such final decision occurs after a claimant is a party to his or her hearing, and no findings of fact or decision by the Commissioner shall be reviewed except for as provided in the Act.  42 U.S.C. § 405(h).  While Congress does not define the term "final decision," "its meaning is left to the [Commissioner] to flesh out by regulation," and the Commissioner has specified such requirements for administrative exhaustion.  Weinberger v. Salfi, 422 U.S. 749, 766 (1975)(footnote omitted); see 42 U.S.C. § 405(a)("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, . . . which are necessary or appropriate to carry out such provisions . . . .").  The principal of exhaustion is an important one, as exhaustion

> is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger, 422 U.S. 765 (citation omitted).

---

[1] In her Motion to Appoint Counsel, in response to the portion in which plaintiff is asked to describe the nature of her claim, plaintiff writes "I was denied[.]" (Dkt. #3, at 4).

[2] 42 U.S.C. 405(g) reads, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. If a claimant is "dissatisfied with the initial determination," he may request reconsideration, 20 C.F.R. § 404.907, and if he is still dissatisfied with the reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The subsequent decision by the Appeals Council is the final decision of the Commissioner; thus, a claimant may then seek judicial review by filing an action in a federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981.

Again, as stated above, plaintiff neither alleges that she applied for Social Security benefits and was denied, nor does she allege that she exhausted her administrative remedies before filing her Complaint in this Court. Accordingly, **on or before November 10. 2011, plaintiff shall amend her Complaint, to complete all required sections on pp.2-4 of her Social Security Complaint. Failure to do so by that date will result in a dismissal of this action in its entirety under 28 U.S.C. § 1915(e)(2)(B) as plaintiff fails to state a claim upon which relief may be granted**.

Plaintiff's Motion to Appoint Counsel (Dkt. #4) is denied without prejudice to renew.

The parties are free to seek review of this Recommended Ruling by a United States District Judge. See 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District

of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, this 11th day of October, 2011.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge